The document below is hereby signed.

Signed: November 11, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NADIA AADILAH JUMAAH BEY, | ) | Case No. 19-00658 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER

The debtor has filed a *Motion to Reopen and/or Motion to Reconsider Dismissal* ("*Motion to Reconsider*") (Dkt. No. 16) wherein the debtor is requesting that the court reconsider the *Order Dismissing Case for Failure to File Mailing Matrix* ("*Order Dismissing Case*") (Dkt. No. 14) entered on October 25, 2019. The debtor initiated this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on October 3, 2019. The debtor did not include with the petition a mailing matrix or certificate of credit counseling. The court ordered the debtor to file a mailing matrix on October 8, 2019, but the debtor failed to do so. The court dismissed the case on October 25, 2019, for the debtor's failure to file a mailing matrix and certificate of credit counseling. The debtor subsequently filed a mailing

matrix (listing only one creditor), a certificate of prepetition credit counseling, and the *Motion to Reconsider*.

The *Motion to Vacate Order* was filed within 14 days after entry of the court's *Order Dismissing Case*. Accordingly, the motion will be considered under Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023. Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

The debtor has not met her burden under Rule 59. The debtor has failed to show that there has been an intervening change in controlling law, the availability of new evidence, the need to correct a clear legal error, or the need to prevent manifest injustice. The debtor states "[t]hat it is in the interest of justice to reopen this case," but provides no reason why the interests of justice are served by the reconsideration of the *Order Dismissing Case*. Moreover, the fact that the debtor has now filed the missing documents leading to the dismissal of this case is not sufficient to provide a reason for reinstating this

case. The debtor has still not filed other required documents such as the debtor's schedules, statement of financial status, statement of current monthly income, payment advices, or statement of intent even though an order directed that "unless the debtor obtains an extension of time, the debtor must file the foregoing documents by 10/17/2019." The meeting of creditors was set for November 7, 2019, and with schedules and so forth not having been filed, a meaningful meeting of creditors could not be conducted. A bankruptcy case ought not proceed in fits and starts. At this point, it makes more sense that the debtor should collect all necessary documents and start again with a new case.

### III

For all these reasons, it is

ORDERED that the debtors' *Motion to Reopen and/or Motion to Reconsider Dismissal* (Dkt. No. 16) is DENIED.

[Signed and dated above.]

Copies to: Debtors (by hand-mailing); recipients of e-notifications of filings.